Filed 09/19/25

VERMONT SUPERIOR COURT      CIVIL DIVISION

Washington Unit      Case No. 24-CV-02166

65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



---

**Tristan Weide v. Harwood Unified Union School District, et al**

---

## ENTRY REGARDING MOTION

Title:      Motion to Quash (Motion: 3)
Filer:      Christopher J. Mcveigh
Filed Date:      September 17, 2025

The motion is GRANTED IN PART and DENIED IN PART.

Plaintiff has filed a motion to quash and for a protective order concerning a notice of deposition for Landon Weide, the Plaintiff's 11-year-old son.

Plaintiff raises an objection to having an 11-year witness testify on the basis of competency and ability to be sworn to truth by taking an oath for purposes of a deposition. There is no question raised in the motion that Landon has relevant information, given that his injury is the subject of the present action.

"A trial court generally must establish that a child is competent . . . . [I]t is within the sound discretion of the trial judge who has the opportunity to observe the general maturity and demeanor of the child, to decide whether [a minor] has sufficient mental capacity and sense of moral obligation to be competent as a witness . . . ." 81 Am. Jur.2d *Witnesses* § 199 (2025 update).

Given Landon's age, there is an inherent question of maturity and demeanor, and the Court foresees making an examination of Landon before he is allowed to testify or before any depositions can be admitted.

The question is one of timing. While the Court could forestall such an examination and allow the deposition to go forward, it strikes the Court as reasonable to conduct such an examination prior to any deposition to avoid a situation where Landon is deposed, costs are incurred on both sides, and he is then deemed not competent, rendering the deposition unusable.

To that end, the Court will set this for a hearing to determine Landon's competency. Prior to this hearing, counsel for both sides shall consult, either in person or by phone, to discuss any issues or accommodations regarding the taking of the deposition, including time limits, breaks, location, and any other reasonable terms.

Until this hearing occurs, the notice of Landon's deposition is stayed. The other noticed depositions are not affected by this Order, and they may proceed as noticed or otherwise agreed

upon by the parties. Nothing in this Order prevents the parties from conducting an informal interview of Landon in the pendency.

**So Ordered.**

Electronically signed on 9/18/2025 5:04 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge